cess, is applicable here. The plaintiff in error did not show, or attempt to show, that the claim of Boothman against Coxe Brothers was not a just claim, nor that any step necessary to charge the owner with the statutory liability therefor had been omitted. It is, therefore, a matter of no consequence whatever to plaintiff in error that jurisdiction over the persons of the Coxe Brothers was acquired by a substituted, instead of a personal, service of process upon them.

The judgment of the Municipal Court will be affirmed.

*Affirmed.*

Central Trust Company of Illinois, Receiver, et al., Defendants in Error, v. Edward E. Kuglin and Louis Bernstein, Plaintiffs in Error.

### Gen. No. 20,013.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed June 17, 1915.

### Statement of the Case.

William Waterbury and John McBride, trading as the Carterville Washed Fuel Company, sued the defendants, Edward E. Kuglin and Louis Bernstein, to recover the value of coal sold to the defendants in 1911. Before the trial the Central Trust Company of Illinois, as receiver in bankruptcy for the Carterville company, was substituted as party plaintiff. Upon the trial a verdict was returned in favor of the plaintiff for $270, and from the judgment entered thereon, the defendant sued out a writ of error.

The defense was that the Carterville company did not deliver the kind of coal contracted for, but delivered an inferior grade of much less value. The only question raised was that the verdict was a compromise. The evidence showed that there was a written contract by which the Carterville company agreed to sell and deliver to defendants their "requirements, estimated at 1,000 tons" of Berwind-Whites Pocahontas run of mine coal between July 18, 1912, and March 31, 1913, at $3.85 per ton, deliveries to be made in such quantities as might be ordered from time to time, the price being based on a freight rate of $2.05 per ton from mines to seller's yard to advance or decline as the rate might fluctuate; that up to September 1, 1912, the Carterville company delivered to the defandants coal of the kind and character prescribed by the contract, which was paid for at the contract rate. The dispute between the parties arose out of the delivery of ninety tons of coal during October and November, 1912. The plaintiff's evidence tended to prove that in September, 1912, one of the defendants complained that the coal furnished prior to that time was not good coal; that he instructed the plaintiff to send "Blue Valley" or "Bluefields" Pocahontas coal instead of Berwind-Whites Pocahontas; that the ninety tons in question were furnished in pursuance of this order or direction; that such coal was of the grade ordered, and that its value was $4 a ton. The defendants and an engineer in their employ testified that the coal so delivered was not Pocahontas coal, but "looked like Screenings," and was in fact, of the grade known as "No. 5 washed nut," worth $1.75 to $2 per ton. The defendants admitted that they did not know where the ninety tons of coal in question came from, or the cost of transporting such coal from the mines in West Virginia to Chicago.

EDWARD J. KELLEY, for plaintiffs in error.

DeBeauviere v. Chicago School of P. E. & E., 194 Ill. App. 296.

No appearance for defendants in error.

Mr. Presiding Justice Fitch delivered the opinion of the court.

### Abstract of the Decision.

1. Trial, § 266a*—*when verdict effect of compromise.* A verdict in favor of a plaintiff for $270, *held* not objectionable as a compromise verdict, although the jury were justified, if the plaintiff's witnesses were believed, to render a larger verdict, and for not more than $180 if the defendant's witnesses were to be believed.

2. Appeal and error, § 1258*—*when defeated party may allege inadequacy of verdict.* A defeated party cannot complain that a verdict was for a less amount than the evidence of the successful party warranted.

---

### A. M. deBeauviere, Defendant in Error, v. Chicago School of Physical Education and Expression, Plaintiff in Error.

### Gen. No. 20,086.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. James C. Martin, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed and remanded. Opinion filed June 17, 1915.

### Statement of the Case.

Action brought by A. M. deBeauviere against the Chicago School of Physical Education and Expression for services claimed to have been rendered the defendant as a physical instructor. Judgment was rendered in favor of the plaintiff for $482.50, and the defendant sued out a writ of error.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.